

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOANNA M. SNYDER,<br><br>Plaintiff,<br><br>vs.<br><br>JILL ROSENTHAL and MARK HENKEL,<br><br>Defendants. | Cause No. CV 18-195-M-DLC-JCL<br><br>ORDER and<br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

Plaintiff Snyder filed this action on December 6, 2018.

## I. Motion to Proceed In Forma Pauperis

Snyder states that she is filing "a title 42 § 1983 against Jill Rosenthal . . . and Mark Henkel." Compl. (Doc. 2) at 1. And, rather than paying the filing fee, she submitted an inmate trust account statement. The Court will construe her account statement as a motion to proceed in forma pauperis. The statement demonstrates she is unable to pay the filing fee and other waivable costs that may be involved in the action. Her motion will be granted.

## II. Screening

Because Snyder is a prisoner and is proceeding in forma pauperis, the Court must review her complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A. Snyder is also

1

self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but if a claim cannot be cured by amendment, "the court *shall* dismiss" it, 28 U.S.C. § 1915(e)(2) (emphasis added).

Snyder alleges that Defendant Rosenthal, Snyder's parole or probation officer in Massachusetts, conspired with Defendant Henkel, a federal probation officer,[1] to obtain an extraditable Massachusetts warrant for her arrest in place of a non-extraditable warrant. Snyder claims this conspiracy was an abuse of each officer's authority and position of trust and violated the Constitution. *See* Compl. at 4 ¶ 27.

These allegations fail to state a claim on which relief may be granted. Snyder does not contest the existence of a warrant. She also claims she "left Mass[achusetts] on 8/1/15 absconding with good cause." Compl. at 2–3 ¶ 17. This statement is an admission of probable cause sufficient to support issuance of an arrest warrant. Snyder has no legally protected interest in preventing issuance of a

---

[1] Snyder is not under supervision by this Court, but she says her husband is. Snyder was with him when their car was pulled over and both were arrested on outstanding warrants. *See* Compl. at 3 ¶¶ 18–19, 24–26.

2

warrant that is supported by probable cause. She has no legally protected interest in restricting a warrant to non-extraditable status. Her allegations do not support an inference that either defendant violated the Fourth Amendment, the Due Process or Equal Protection Clauses of the Fourteenth Amendment, or any other provision of federal law of which the Court is aware. The complaint should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

## ORDER

Snyder's inmate trust account statement, construed as a motion to proceed in forma pauperis (Doc. 1), is GRANTED.

## RECOMMENDATION

1. Snyder's complaint should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that Snyder's filing of this action counts as one strike pursuant to 28 U.S.C. § 1915(g).

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Snyder may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[2] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Snyder must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 6th day of December, 2018.

Jeremiah C. Lynch
United States Magistrate Judge

---

[2] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.